## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CASE NO:

ROBERT SHELTON,

      Plaintiff,

v.

HATCHITT TAX CLUB INC.,

      Defendant.

_____/

**JURY TRIAL DEMANDED**

### COMPLAINT

Plaintiff Robert Shelton ("Plaintiff") brings this lawsuit against Hatchitt Tax Club Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      To promote its goods, services, and/or properties, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment,

1

aggravation, and disruption of the daily life of Plaintiff.  Plaintiff also seeks statutory damages on behalf of Plaintiff , and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in California.

## PARTIES

6.      Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Bernadino County, California.

7.      Defendant is a Michigan corporation with its headquarters located in Grandville, Michigan.

8.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

9.      On or about August 11, 2024, Plaintiff requested to opt-out of Defendant's text messages by replying with a stop instruction as reflected by the following screenshot:



10.    Defendant ignored Plaintiff's request and continued text messaging Plaintiff, as demonstrated by the above screenshot and the following screenshots:





11.     Overall, Defendant sent Plaintiff at least seven (7) marketing text messages after Plaintiff's initial stop request.

12.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods, services, and/or properties.

13.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

14.     As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations *twice* by telling Defendant not to contact him anymore, but Defendant continued to text message Plaintiff.

15.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

16.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

17.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

18.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made repeated opt-out requests and those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

19.     Defendant sent at least two solicitations after Plaintiff's first opt-out request.

20.     Plaintiff is the regular user of the telephone number that received the above text message solicitations.

21.     Plaintiff utilizes the cellular telephone that received Defendant's texts messages for personal purposes and the number is Plaintiff's residential telephone line.

22. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff. Defendant also has access to text message logs showing Plaintiff's inbound opt-out requests.

23. Defendant's text messages caused Plaintiff harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of them statutory privacy rights.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff)**

24. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests*. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and

7

telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

26.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

27.     Plaintiff is a residential telephone subscriber who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

28.     Plaintiff made requests to Defendant not to receive texts from Defendant.

29.     Plaintiff revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

30.     Defendant continued to text message Plaintiff to harass them into making purchases from Defendant.

31.     Defendant failed to honor Plaintiff's opt-out requests.

32.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

8

33.     Plaintiff is informed and believes that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or text messages.

34.     Plaintiff is informed and believes that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

35.     Plaintiff is informed and believes that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

36.     The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

37.     Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

38.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

39.     As a result of Defendant's knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

a)  An award of statutory damages for Plaintiff as applicable under the TCPA;

b)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

c)  An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

d)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: September 24, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (754) 444-7539

*Counsel for Plaintiff*

10